## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**VINCENT BLACKMON,**

      **Plaintiff,**

**v.**                                                              **Case No. 2:16-cv-02388**

**STATE OF WEST VIRGINIA, and**
**PATRICK MORRISEY, Attorney General,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On March 14, 2016, the plaintiff, who is proceeding *pro se*, and who was then incarcerated at the Huttonsville Correctional Center ("HCC"), filed the instant Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A.[1]  This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*.  Thus, both of these statutory provisions are applicable in this case.

2

armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## THE PLAINTIFF'S ALLEGATIONS

The instant Complaint allege as follows:

The prosecuting attorney which is under the authority of the Attorney General's Office violated the (2) term rule in regards to filing an indictment on I [sic; me], Vincent Blackmon.  The Defendant was arrested on March 19, 2012 and not indicted until March 6, 2013.  This was a total of 353 days exceeding the allotted time frame thus violating the Defendant's Constitutional rights of due process cruel and unusual punishment and the (2) term rule section (12) (C) 158, subsection 1913, section 5561.  (PLEASE SEE ATTACHED HABEAS CORPUS).[2]

(ECF No. 2 at 4).  The Complaint further states the following in the "Relief" section:

I am requesting that the court grant my immediate release as the case law of State of West Virginia vs. Shifflet ruled on concerning this type of violation of the 2 term rule and compensate I [sic; me], Vincent Blackmon for the allowed maximum monetary damages for each day I have served past the 2 term rule, sentencing me illegally after violating this 2 term rule, mental anguish, pain and suffering.

---

[2] The undersigned notes that there was no "habeas corpus" or any other documentation attached to the Complaint.  However, on May 18, 2015, the plaintiff filed a copy of the Petition for a Writ of Habeas Corpus, which was docketed on April 26, 2013 in his criminal proceeding in the Circuit Court of Logan County.  (ECF No. 5).

(*Id.* at 5).

## ANALYSIS

**A.    The plaintiff has not demonstrated that he exhausted available state court remedies before filing the instant complaint in federal court.**

The plaintiff's claim requesting immediate release from custody because he was not prosecuted by state authorities within the two term rule under West Virginia law amounts to a request for habeas corpus relief, and necessarily call into question the validity of his state court conviction.   The documentation filed by the plaintiff demonstrates that he filed a pre-trial Petition for a Writ of Habeas Corpus raising this same claim in his criminal proceeding filed in the Circuit Court of Logan County, *State v. Blackmon*, No. 13-F-57 (Logan Cty. Cir. Ct.), on April 26, 2013.  According to the plaintiff's criminal docket sheet from, of which this court may take judicial notice, the plaintiff's Petition for a Writ of Habeas Corpus was denied by the Circuit Court on June 5, 2013. Order Denying Pet. for Writ of Habeas Corpus, *State v. Blackmon*, No. 13-F-57 (Logan Cty. Cir. Ct., June 5, 2013), .  Thereafter, the Circuit Court also denied a number of other motions and petitions to dismiss the indictment.

On October 24, 2014, the plaintiff pled guilty to one count of abduction with the intent to defile and he was sentenced to three to ten years in prison.  A final order to that effect was entered on November 3, 2014.  Order Upon Plea and Sentencing, *State v. Blackmon*, No. 13-F-57 (Logan Cty. Cir. Ct., Nov. 3, 2014).  It does not appear that the plaintiff appealed his conviction to the Supreme Court of Appeals of West Virginia or that he has filed any petition for post-conviction habeas corpus relief.

The plaintiff has not demonstrated that he exhausted all of the available state court remedies before filing the instant proceeding in federal court.  Thus, this court cannot

presently grant his request for immediate release, which amounts to a request for habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

### B.    The plaintiff's damages claims are presently barred.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution because the State failed to try him within two terms as required by state law. However, he has not demonstrated that his criminal proceedings have been invalidated. Therefore, because his allegations bear on the validity of his criminal proceedings, he may not seek monetary damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck.*

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 2) fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the Southwestern Regional Jail, where he appears to be in custody on additional charges.

June 25, 2018

Dwane L. Tinsley
United States Magistrate Judge

7